STONE, Judge,
concurring specially.
I concur in affirming as required by Snowten v. United States Fidelity and *434 Guaranty Co., Roberts v. Roberts, and Raisen v. Raisen. I agree that Brooks v. Sturiano is inapplicable. In Brooks, the plaintiff was the sole heir of her husband, who died as a result of a car accident. No children, family members, nor other persons having any claim or interest in the estate were involved. Judgment was entered only to the extent of coverage by plaintiffs insurer.
In this case, the sole beneficiary of the estate was the son of the decedent by a prior marriage and no insurance existed. The burden of plaintiff’s claim would therefore fall on the decedent’s son, contrary to the public policy enunciated in the cases cited above. Therefore, the trial court correctly found for the estate of the deceased husband.